OPINION
Appellant, Brett S. Cooke, appeals from the trial court's conviction of driving under suspension and possession of drug paraphernalia.
On March 16, 1998, three separate traffic citations were filed in the Mentor Municipal Court, citing appellant with driving under suspension ("DUS"), in violation of R.C. 4507.38, driving without an operator's license, in violation of R.C. 4507.02, and driving without a seatbelt, in violation of R.C. 4513.263. On that same date, appellant was also charged with possession of drug paraphernalia, in violation of section 139.02(D) of the Mentor City Code. On May 27, 1998, appellant's trial counsel filed a motion to suppress the evidence against him, asserting that the police officer lacked probable cause to stop appellant. On that same date, a suppression hearing was conducted.
The following facts were adduced at the suppression hearing. Patrolman James Covill ("Covill") of the Mentor City Police Department testified that on March 15, 1998, while he was on duty, he was traveling behind appellant's vehicle, but he "couldn't see the issue, expiration, or the first three numbers" of the temporary tag which was displayed in the rear window of the automobile. At this point, Covill activated his overhead emergency lights to stop appellant. According to Covill, he noticed that appellant "was leaning over the seat and put something under the seat." When he approached the vehicle, he requested appellant's driver's license and proof of insurance. Appellant voluntarily indicated that he did not have a driver's license and that the court papers he was given were not in his possession at the time. Covill explained that he intended on issuing appellant a verbal warning for improper display as he felt the temporary tag was not properly exhibited in appellant's rear window. However, after he asked for appellant's social security number and ran a computer check, he realized appellant was driving while under suspension. Covill placed appellant under arrest and proceeded to conduct an inventory search of the automobile.
On cross-examination, appellant's attorney introduced the temporary tag into evidence and demonstrated that the information on it was visible. However, Covill mentioned that although the information was visible at the hearing, on March 15, 1998, the tag was not properly secured to the window and the window was fogged up, therefore, making it difficult to read the information at that time. Furthermore, Covill stated that he stopped appellant for improperly displaying his temporary tag and not for any traffic infraction. However, he admitted that as he approached appellant's vehicle, the information on the temporary tag became clearer.
At the end of the hearing, the trial court overruled appellant's motion to suppress and appellant entered a plea of no contest to the charges of DUS and possession of drug paraphernalia. He was found guilty of both of these charges. It appears from the record that the other charges were dismissed. Appellant was sentenced to a term of sixty days in jail, put on six months probation, and fined $400 for DUS. He was also accorded a twenty-one day sentence, placed on six months probation, and fined $300 for possession of drug paraphernalia.
Appellant filed a timely notice of appeal and raises a single assignment of error:
 "The trial court erred to the prejudice of [appellant] when it overruled a [m]otion to [s]uppress."
Appellant's sole contention is that the trial court erred by overruling his motion to suppress because Covill had no probable cause to perform the traffic stop. Appellant asserts that the bulk of the evidence should have been suppressed because the prosecution failed to demonstrate that Covill had sufficient cause or specific and articulable facts to detain and question him.
In justifying an investigative stop, an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio (1968), 392 U.S. 1, 21. The assessment is to be judged against an objective standard. Id. at 21-22. "An inarticulate hunch or suspicion is not enough. The officer must have a reasonable belief and specific facts upon which a reasonable suspicion could be based that appellant was violating or about to violate the law. Terry * * *; Brown v. Texas (1979),443 U.S. 47; Delaware v. Prouse (1979) 440 U.S. 648." Mentor v.Webb (June 30, 1993), Lake App. No. 92-L-158, unreported, at 4.
Appellant argues that pursuant to State v. Chatton (1984),11 Ohio St.3d 59, Covill did not have probable cause to request that appellant produce his driver's license. In Chatton, the Supreme Court of Ohio held:
 "* * * once the police officer herein observed the temporary tags, appellee could no longer be reasonably suspected of operating an unlicensed or unregistered vehicle. * * *
"In our view, because the police officer no longer maintained a reasonable suspicion that appellee's vehicle was not properly licensed or registered, to further detain appellee and demand that he produce his driver's license is akin to the random detentions struck down by the Supreme Court in Delaware v. Prouse [(1979), 440 U.S. 648]. Although the police officer, as a matter of courtesy, could have explained to appellee the reason he was initially detained, the police officer could not unite the search to this detention, and appellee should have been free to continue on his way without having to produce his driver's license. * * *
"Consequently, where a police officer stops a motor vehicle which displays neither front nor rear license plates, but upon approaching the stopped vehicle observes a temporary tag which is visible through the rear windshield, the driver of the vehicle may not be detained further to determine the validity of his driver's license absent some specific and articulable facts that the detention was reasonable. As a result, any evidence seized upon a subsequent search of the passenger compartment of the vehicle is inadmissible under the Fourth Amendment to the United States Constitution." Id. at 63.
The Chatton court opined that if it upheld an appellant's detention to examine the legitimacy of his or her operator's license based on generalized statements that temporary placards are occasionally used in criminal activity, then it would be authorizing the restraint of any driver of an automobile having such tags. Id. at 62. It further reasoned that it was reluctant to:
 "* * * place [its] imprimatur on searches of the citizens of this state and their vehicles simply because of the lawful and innocuous presence of temporary tags. The potential for abuse if such a rule were in effect, through arrogant and unnecessary displays of authority, cannot be ignored or discounted."[1] Id.
Appellee, the state of Ohio, contends that Chatton is inapplicable to the case at bar because at the time the defendant was arrested in that case, Ohio law did not require that temporary tags be displayed in full view. Instead, appellee relies onState v. Poole (June 7, 1995), Medina App. No. 2336-M, unreported, 1995 WL 338477. In Poole, the court stated that the "defendant did not have a license plate displayed in full view on the front of her car as required by [R.C. 4503.21,]" thus, justifying the traffic stop. Id. at 3. R.C. 4503.21 requires that a license plate be exhibited in full view in the front of vehicles registered in Ohio and that a temporary license placard be in plain view from the rear of the vehicle. Specifically, R.C. 4503.21 provides:
 "[n]o person to whom a temporary license placard * * * has been issued for the use of a motor vehicle under section 4503.182 of the Revised Code, and no operator of that motor vehicle, shall fail to display the temporary license placard in plain view from the rear of the vehicle either in the rear window or on an external rear surface of the motor vehicle * * *. No temporary license placard * * * shall be covered by any material that obstructs its visibility."
Hence, the question before this court is whether a temporary placard placed in the rear window of a vehicle, but not correctly adhered to the window, violates R.C. 4503.21, improper display, so as to permit an officer to issue the driver of the automobile a traffic citation. If the ticket was appropriately issued, then an officer has a proper basis to request an appellant's driver's license. On the other hand, if the citation was improperly issued, then an officer could not require an appellant to produce his or her license. The Supreme Court stated that:
 "[w]hile it may be accepted practice to display temporary tags on the rear of the vehicle or in the rear windshield, there appears to be no mandatory requirement that they be visibly displayed at all. Indeed, the General Assembly may deem it advisable to provide for the display of temporary tags at some future date. Nevertheless, the statutory framework in place at the time of appellee's arrest, and in effect at this writing, does not call for the display of temporary tags. It follows that, as long as the operator of a motor vehicle without the standard front and rear metal license plates can produce a valid temporary tag, it cannot be said that the vehicle is being operated illegally or improperly." Chatton, 11 Ohio St.3d at 60.
In the instant matter, we conclude that appellant did not commit the offense for which he was approached and questioned, specifically, improper display. Covill indicated that he was unable to clearly read the information on appellant's temporary placard when he was traveling behind, so he pulled him over. As he approached the vehicle, the details of the tag became clearer. Covill indicated that he believed that although nothing was covering the tag, it was not properly secured to the rear window. In addition, the back window was fogged up, therefore, making the information on the tag difficult to read at a distance. Since Covill's testimony revealed that he was able to decipher the information on the placard prior to interrogating appellant, his assertion that the tag was improperly displayed is inconsistent with his testimony that he was able to read the items on the placard as he approached the vehicle. Again, on one hand he claims that the tag was not exhibited properly. Yet, on the other hand, he admits that as he approached appellant's automobile, the information on the temporary placard became visible and easier to read. Thus, we conclude that appellant's tag was properly displayed because Covill was able to discern the details from it as he approached the car. Accordingly, Covill no longer had a reason to doubt that appellant's automobile was not properly registered or that he was driving under suspension. As such, Covill was not permitted to further detain appellant since he did not violate R.C.4503.21.
For the foregoing reasons, appellant's assignment of error is with merit. The judgment of the Mentor Municipal Court is reversed and judgment is entered for appellant.
 __________________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
[1] We note that at the time Chatton was decided, R.C. 4503.21 did not require temporary placards to be displayed in full view.